ALDERMAN, Judge.
This is an interlocutory appeal from an order of the Circuit Court of Orange County, Florida, pursuant to Fla.App. Rule 4.2.
Appellant filed suit against her husband seeking dissolution of their marriage. During the course of pre-trial proceedings she sought to discover her husband’s assets. On April 20, 1976 appellee testified on deposition that he had deposits totaling approximately $141,000 in three banks in the Grand Cayman Islands during 1974 and 1975, but denied having any records or other evidence of these accounts. At a temporary hearing before the trial court on the same day he testified that he removed $141,413.25 from these accounts on November 28, 1975; that he never had more money than that in the Grand Cayman Islands and that he had none of that money left. In another deposition on May 17, 1976, appellee again testified in detail concerning the three bank accounts in the Grand Cayman Islands, but denied having any records. On July 2, 1976, appellee, in answers to interrogatories, again admitted having had money in the three Grand Cayman Islands banks, but denied that he had any current balances there and denied having any records of these accounts.
Appellant then filed a motion asking that appellee be required to authorize the banks in question to provide to appellant their records of these accounts. The trial court on June 18, 1976 granted the motion. Ap-pellee refused to comply, claiming a constitutional protection against self-incrimination. Subsequently, on July 21, 1976, the trial court entered another order finding appellee had the constitutional right to claim and invoke the right against self-incrimination without penalty or sanction. This appeal is from that order. From our review of the record and briefs in this ease we respectfully disagree and reverse.
This is a situation where appellee cannot rely upon the constitutional privilege against self-incrimination. He is not being required to give incriminating testimony against himself or to produce incriminating documents which are in his possession. He has already testified on several occasions in detail about his bank accounts in the Grand Cayman Islands. However, he consistently denies having any records concerning these foreign accounts. If the records of Florida banks were involved there is no doubt that under Fla.R.Civ.P. 1.410, appellant could obtain the relevant bank records from the banks by subpoena. Appellant could not prevent the banks from producing their records pursuant to subpoena upon the ground that the bank records were incriminating. The privilege against self-incrimination is a personal privilege which adheres basically to the person and not to the information which may incriminate him. Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). The privilege against self-incrimination prohibits compelling a person to bear witness against himself: it does not proscribe incriminating evidence elicited from another. It is the extortion of information from the person himself that offends our sense of justice and triggers the privilege against self-incrimination.
All that is required of appellee in this case is that he give the necessary authorizations for the foreign banks to release their records. The fact that these accounts existed is not disputed. On several occasions appellee has testified that he had deposits with the three Grand Cayman Islands banks. Appellee may not prevent the banks from producing their records concerning these accounts upon the ground that the banks’ records may be incriminating to him. The authorizations to release the bank records would not in themselves be incriminating. They might be considered as an acknowledgement by appellee that the accounts in fact existed, but that fact has already been admitted by appellee. That the banks’ records may be incriminating to appellee does not mean that he may block their production by refusing to authorize their release by the banks. Appellee wants “to have his cake and eat it too.” He *1238 has testified in detail about his foreign bank accounts but when appellant seeks to obtain the banks’ records to verify his testimony, appellee tries to block her discovery by use of the constitutional privilege against self-incrimination. This he may not do.
The order of the trial court which is the subject of this appeal is reversed and the case is remanded for the entry of an order requiring appellee to provide the necessary written authorizations for appellant to obtain from the three banks in the Grand Cayman Islands, copies of the banks’ records of appellee’s accounts with these banks. The trial court may enforce its order by the use of such appropriate sanctions as are provided by Fla.R.Civ.P. 1.380(b)(2).
REVERSED and REMANDED for further proceedings consistent with this opinion.
MAGER, C. J., and DOWNEY, J., concur.