445 So.2d 678 (1984)
CONTINENTAL CASUALTY COMPANY, Appellant,
v.
Ronald R. MORGAN, Appellee.
No. 83-1481.
District Court of Appeal of Florida, Fourth District.
February 22, 1984.
*679 Edward R. Curtis and Richard S. Womble of Fertig, Curtis & Wakefield, P.A., Fort Lauderdale, for appellant.
James Joseph Weinert of Law Offices of Mathison & Deckert, West Palm Beach, for appellee.
PER CURIAM.
Appellee sued appellant for damages arising out of an accident involving a Honda three-wheeled vehicle. During the progress of the suit, appellee served appellant with a request to produce certain documentation. Appellant responded and objected to many of the requests. In due course a hearing was held and the trial court sustained some objections and overruled others. As to the latter, the court's order directed appellant to comply within thirty days. Instead, appellant filed a petition for writ of certiorari to review that order. In seeking a stay pending the certiorari review, appellant assured opposing counsel and the trial court that, if certiorari was denied, it would comply with the order. Certiorari was denied by this court, and appellant thereafter filed a "Response to Plaintiff's Request To Produce" in which it answered "None" to all but one of the requests. Whereupon appellee filed a motion for contempt and sanctions based upon Florida Rule of Civil Procedure 1.380(b) and the inherent power of the court. After a hearing on said motion the trial court entered the order appealed from, which stated:
"... the pattern of behaviour of the Defendant, CONTINENTAL CASUALTY COMPANY, in this matter to constitute contempt of this Court and the Defendant's conduct to be an outrageous abuse of the discovery process. Accordingly, this Court imposes upon the Defendant, CONTINENTAL CASUALTY COMPANY, as a sanction, an assessment of reasonable attorneys fees and reasonable expenses incurred by the Plaintiff for all matters and efforts required of the Plaintiff with respect to the Request to Produce including the Plaintiff's effort with respect to the Defendant's petition for Writ of Certiorari. This Court retains jurisdiction to determine the amount of reasonable attorneys fees and expenses at a hearing to be held after notice to the parties."
Appellant contends that the trial court did not have the authority to hold appellant in contempt for its alleged abuse of the discovery process because there is no provision for finding a party in contempt under Florida Rule of Civil Procedure 1.380(d) where the party has filed a response to the request for production in accordance with the court's order. Appellee argues that appellant misled the court *680 when it applied for and obtained a stay of the discovery order on the promise that it would immediately furnish the requested material. Unquestionably, that is the finding of the trial court.
Appellee contends that we are without jurisdiction because civil contempt is not reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C). We reject that contention on authority of Langbert v. Langbert, 409 So.2d 1066 (Fla. 4th DCA 1981), and In Re Estate of Rasmussen, 335 So.2d 634 (Fla. 1st DCA 1975).
Based upon the record before us, it appears that there is an adequate basis in the record to support the trial court's finding. Accordingly, we affirm the order appealed from.
AFFIRMED.
DOWNEY, HERSEY and GLICKSTEIN, JJ., concur.