458 So.2d 412 (1984)
David MEEK, Petitioner,
v.
DEAN WITTER REYNOLDS, INC., Respondent.
No. 84-1841.
District Court of Appeal of Florida, Fourth District.
November 7, 1984.
*413 Charles D. Franken of Law Offices of Gerald Beyer, P.A., Fort Lauderdale, for petitioner.
Robert A. Ware of English, McCaughan & O'Bryan, Fort Lauderdale, for respondent.
DELL, Judge.
Petitioner David Meek seeks review by petition for writ of certiorari of an order directing him to produce documentation supporting his contention that he is entitled to invoke the fifth amendment privilege against self-incrimination.
After entry of a final judgment in its favor, respondent sought to take petitioner's deposition in aid of execution. Petitioner, in compliance with a court order, appeared at the deposition but responded only to questions requesting his name and address and thereafter asserted his Fifth Amendment privilege to the remaining questions. Respondent moved to compel discovery. After hearing argument the court denied respondent's motion to compel discovery but ordered petitioner to produce copies of documentation to support his contention that he was under investigation by government agencies or documentation that he has been indicted for a criminal act. The court issued a second order directing petitioner to produce the documentation to respondent's attorney for inspection only.
Petitioner argues that the circuit court departed from the essential requirements of law by requiring him to document that he is under investigation, or has been indicted for a criminal act, and by directing him to produce that information to opposing counsel rather than the court. We agree.
Our sister court in DeLisi held that when a trial court is presented with [an assertion of a fifth amendment privilege] ... it must exercise its discretion and determine whether it is reasonably possible that answers to either interrogatories or deposition questions could evoke a response "forming a link in the chain of evidence which might lead to criminal prosecution." DeLisi, supra, at 938.
Justice Marshall in his concurring opinion in Pillsbury Co. v. Conboy, 459 U.S. 248, 266 n. 1, 103 S.Ct. 608, 619, n. 1, 74 L.Ed.2d 430, 445-446 n. 1 (1983), reiterated the same test:
A witness is generally entitled to invoke the Fifth Amendment privilege against self-incrimination whenever there is a realistic possibility that his answer to a question can be used in *414 any way to convict him of a crime. It need not be probable that a criminal prosecution will be brought or that the witness's answer will be introduced in a later prosecution; the witness need only show a realistic possibility that his answer will be used against him. Moreover, the Fifth Amendment forbids not only the compulsion of testimony that would itself be admissible in a criminal prosecution, but also the compulsion of testimony, whether or not itself admissible, that may aid in the development of other incriminating evidence that can be used at trial... .
The privilege is inapplicable only "if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness." [Citations omitted.]

See also Lewis v. First American Bank of Palm Beach County, 405 So.2d 300 (Fla. 4th DCA 1981); Litchford, The Privilege Against Self-Incrimination in Civil Litigation, 57 Florida Bar Journal 139, 140 (1983).
DeLisi v. Bankers Insurance Co., 436 So.2d 1099, 1101 (Fla. 4th DCA 1983); see also DeLisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982), petition for review denied, 434 So.2d 887 (Fla. 1983).
The trial court's order requires petitioner to prove, as a condition precedent to invoking his Fifth Amendment privilege, that he is actually under indictment or investigation. Respondent has failed to cite any case which supports the trial court's action and we have found none. A "witness need only show a realistic possibility that his answer will be used against him." Pillsbury, 103 S.Ct. at 619 n. 1. The trial court should have referred to the deposition questions and determined whether there was a reasonable possibility that the answers may evoke a response "forming a link in the chain of evidence which might lead to criminal prosecution." DeLisi, 436 So.2d at 1101.
Accordingly, we grant the petition for writ of certiorari and quash the trial court's order directing petitioner to produce the documentation that he is under indictment or investigation and we remand this cause for further proceedings consistent herewith.
CERTIORARI GRANTED.
LETTS, J., concurs.
HERSEY, J., concurs specially with opinion.
HERSEY, Judge, concurring specially.
If petitioner is unwilling (or unable) to document his contention that he is under investigation by government agencies or that he has been indicted for a criminal act, the trial court will be justified in disbelieving that contention and, in the absence of some reasonable basis, could logically conclude that there has been shown no justification for Fifth Amendment protection.