487 So.2d 96 (1986)
Joyce D. STEWART, Petitioner,
v.
Charles J. MUSSOLINE, Respondent.
No. 85-2727.
District Court of Appeal of Florida, Third District.
April 22, 1986.
James A. Horland, Miami, for petitioner.
Catlin, Saxon, Tuttle & Evans and Robert E. Paige, Miami, for respondent.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.

REVISED OPINION
BASKIN, Judge.
Holding that petitioner Stewart was entitled to invoke the fifth amendment privilege against compulsory self-incrimination and to refuse to answer questions concerning *97 her financial status and that of the members of her family, we grant the petition for writ of certiorari.[*]
In any type of proceeding, a person is exempt from answering questions which may constitute "a link in a chain of evidence leading to his conviction in a criminal case." Fischer v. E.F. Hutton & Co., 463 So.2d 289, 290-91 (Fla. 2d DCA 1984); see Pillsbury Co. v. Conboy, 459 U.S. 248, 266 n. 1, 103 S.Ct. 608, 618 n. 1, 74 L.Ed.2d 430, 445 n. 1 (1982) (Marshall, J., concurring); Carson v. Jackson, 466 So.2d 1188, 1191 (Fla. 4th DCA 1985); Lewis v. First American Bank of Palm Beach County, 405 So.2d 300, 301 (Fla. 4th DCA 1981). Stewart was charged with murdering her husband; Stewart argues that the state theorizes that she was motivated by financial gain. Thus, any answers that she may give to questions relating to financial matters, asked at a deposition taken to determine her ability to support her children, may tend to incriminate her.
Certiorari granted; order of contempt quashed.
NOTES
[*] We have jurisdiction to review this action by certiorari under Fla.R.App.P. 9.030(b)(2)(A), and reject respondent's assertion that rule 9.130 authorizes an interlocutory appeal from the order holding Stewart in civil contempt for failing to comply with a discovery order. We decline to follow those cases that reach a contrary result by relying on cases decided under the earlier rule 4.2. Continental Casualty Co. v. Morgan, 445 So.2d 678 (Fla. 4th DCA 1984); Langbert v. Langbert, 409 So.2d 1066 (Fla. 4th DCA 1981); In re Estate of Rasmussen, 335 So.2d 634 (Fla. 1st DCA 1975).