541 So.2d 740 (1989)
Arturo RAINERMAN, Appellant,
v.
EAGLE NATIONAL BANK OF MIAMI, Appellee.
No. 88-1302.
District Court of Appeal of Florida, Third District.
April 11, 1989.
Myles J. Tralins, Miami, for appellant.
*741 Holland & Knight and Luis O'Naghten, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
Appellant, Arturo Rainerman, contends that it is sufficient, in order to sustain a claimed fifth-amendment privilege, to show that the nature of the proceeding, or setting where the claim is made, is such that a response to any relevant question might be incriminating. See Compton v. Societe Eurosuisse, S.A., 494 F. Supp. 836 (S.D.Fla. 1980) (a witness may properly invoke the privilege against self-incrimination when he reasonably apprehends a risk of self-incrimination, even if the risk of prosecution is remote).
Appellee, Eagle National Bank, responds that approval of a blanket assertion of the privilege, in any setting, would be improvident and that the privilege should be asserted only as to individual questions as they are posited during discovery. See Fischer v. E.F. Hutton & Co., Inc., 463 So.2d 289 (Fla. 2d DCA 1984) (in exercising his fifth-amendment privilege as to deposition questions, the defendant in a civil action, rather than simply refusing to answer any questions relating to the allegations of the suit, was required to make specific objection to a particular question).
The setting and nature of this proceeding is a deposition for discovery in aid of execution. Eagle was granted a judgment against Rainerman on a commercial promissory note and letter of credit. In a subsequent bankruptcy petition, Rainerman listed the obligations to Eagle among his dischargeable liabilities. Eagle obtained a final judgment from the bankruptcy court declaring that because of fraud, $50,000 of the debt owed to Eagle was not dischargeable in bankruptcy, 80 BR 549. Eagle is currently searching for Rainerman's assets in order to satisfy its judgment.
It is settled law that the privilege against self-incrimination may be properly asserted during discovery proceedings if the civil litigant has reasonable grounds to believe that direct answers to deposition or interrogatory questions would furnish a link in the chain of evidence needed to prove a crime against him. See Pillsbury Co. v. Conboy, 459 U.S. 248, 266, 103 S.Ct. 608, 619, 74 L.Ed.2d 430, 445-446 n. 1 (1983) (a witness need show only a realistic possibility that his answer will be used against him); Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118, 1123-24 (1951); Meek v. Dean Witter Reynolds, 458 So.2d 412 (Fla. 4th DCA 1984) (no need to prove actual indictment or investigation); DeLisi v. Bankers Ins. Co., 436 So.2d 1099 (Fla. 4th DCA 1983); DeLisi v. Smith, 423 So.2d 934, 938 (Fla. 2d DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983). See generally Litchford, The Privilege Against Self-incrimination in Civil Litigation, 57 Fla.B.J. 139 (1983).
Presently pending against Rainerman are criminal proceedings arising out of banking transactions with Eagle and, as Eagle admits, there are other charges which could be brought depending on Rainerman's answers regarding his assets. Eagle contends that the existence of any privilege, nonetheless, depends on the specific questions propounded.
In Fischer, 463 So.2d at 290, relied on by Eagle, the defendant refused to answer any questions relating to the allegations of the entire complaint. In that case it was appropriate to require that the objections be limited to only those questions where the privilege specifically applied. Here, however, the post-judgment proceeding in aid of execution, by its very nature, has narrowed the scope of inquiry to questions about Rainerman's assets and financial obligations. Allegations of Rainerman's fraudulent banking relationship with Eagle suggest that revelations in the discovery could furnish a link in ongoing and future criminal proceedings. In this posture of the case any answers Rainerman may give to relevant questions may tend to incriminate him, therefore, he has a right to assert the privilege. See, e.g., Stewart v. Mussoline, 487 So.2d 96 (Fla. 3d DCA 1986) (mother charged with murdering her husband, allegedly for financial gain, was entitled *742 to invoke her fifth-amendment privilege and to refuse to answer questions concerning her financial status).
The order compelling answers to discovery in aid of execution is reversed and the cause is remanded.