PETITION FOR WRIT OF CERTIORARI
PER CURIAM.
Petitioner, J.R. Brooks & Son, Inc., files this petition for writ of certiorari to review a trial court’s order compelling discovery. We grant the petition, quash the order, and remand.
Daniel Donovan and Mike Lemus stole a large amount of fruit from petitioner. Upon being informed by a neighbor that the crime had just occurred, several of petitioner’s employees, including Murray Bass and Michael Hunt, mounted their pick-up trucks and chased the thieves.
During the course of this high speed chase, Donovan was shot by an unknown person, perhaps one of petitioner’s employees. The thieves were eventually apprehended. Charges for the shooting were not filed because investigators could not determine who shot Donovan.
Donovan’s parents, respondents, sued petitioner alleging negligence on the part of its employees. Respondents sought discovery to determine the identity of the shooter. During depositions, Bass and Hunt invoked the Fifth Amendment and refused to answer questions regarding: (1) the identity of the shooter; or (2) any conversations involving the identity of the shooter. The trial court overruled these objections, holding that the deponents were required to disclose conversations concerning the identity of the shooter.
Petitioner asserts that the trial judge’s order infringes upon the deponents’ Fifth Amendment right not to incriminate themselves. Respondents contend that the information sought is exculpatory, not incul-patory, because the questions pertain to whether a third party admitted to the shooting. Thus, respondents argue, that the Fifth Amendment is inapplicable.
*796 The Constitutional privilege against self-incrimination applies to all types of proceedings wherein testimony is given and applies alike to a witness as well as a party who is accused. State ex. rel. Mitchell v. Kelly, 71 So.2d 887 (Fla.1954). Furthermore, this Court has previously stated:
It is settled law that the privilege against self-incrimination may be properly asserted during discovery proceedings if the civil litigant has reasonable grounds to believe that direct answers to deposition or interrogatory questions would furnish a link in the chain of evidence needed to prove a crime against him.
Rainerman v. Eagle National Bank of Miami, 541 So.2d 740, 741 (Fla. 3d DCA 1989).
In this case, the trial court’s blanket order compelled deponents Bass and Hunt to answer all questions regarding conversations involving the identity of the shooter. This order is overbroad and infringes upon the deponents’ Fifth Amendment right. U.S. Const, amend. V. Accordingly, we quash the order, and remand so that the trial court may consider whether each question properly falls within the purview of the Fifth Amendment.
Quashed and remanded.