654 So.2d 1037 (1995)
Allen MAGID, Petitioner,
v.
Elliot C. WINTER, Lori D. Winter, Jem Lighting, Inc., and Philip Magid, Respondents.
No. 94-3710.
District Court of Appeal of Florida, Fourth District.
May 17, 1995.
*1038 Jeffrey A. Sarrow of Jeffrey A. Sarrow, P.A., Plantation, for petitioner.
Murray E. Shepard of Shepard, Leskar & Levine, P.A., Fort Lauderdale, for respondents Elliot C. Winter and Lori D. Winter.
GUNTHER, Judge.
Petitioner, Allen Magid (Allen), has filed a petition for writ of certiorari alleging that a trial court order granting the respondents' motion to compel violates his privilege against self-incrimination. Because we find that the order in question departs from the essential requirements of law thus causing Allen material injury without an effective remedy on appeal, we grant the petition for writ of certiorari and quash the trial court order compelling discovery.
Allen is one of three defendants in a suit commenced by Elliot and Lori Winter. The Winters' suit sought to collect $140,000 pursuant to a promissory note allegedly executed by each of the defendants. The promissory note in question was signed by Philip Magid, Allen's brother, although Philip denies signing the note.
During discovery, the Winters' counsel attempted to depose Allen. However, during questioning, Allen refused to answer questions relating to his business activities, the holders of the promissory note, the signatures on the promissory note, and the note itself. According to Allen, he refused to answer these questions because of his reasonable belief that they would furnish a link in the chain of evidence needed to prove that he committed forgery by signing Philip's name to the promissory note. Thereafter, the Winters filed a motion to compel/motion for contempt and sanctions. This motion was ultimately granted by the trial court thereby requiring Allen to answer all questions posed to him during the deposition.
The privilege against self-incrimination may be asserted during discovery if the litigant has reasonable grounds to believe that answers to questions posed would furnish a link in the chain of evidence needed to prove a crime against him. Rainerman v. Eagle Nat'l Bank of Miami, 541 So.2d 740 *1039 (Fla. 3d DCA 1989). "It need not be probable that a criminal prosecution will be brought or that the witness's answer will be introduced in a later prosecution; the witness need only show a realistic possibility that the answers will be used against him." Meek v. Dean Witter Reynolds, Inc., 458 So.2d 412, 414 (Fla. 4th DCA 1984) (quoting Pillsbury Co. v. Conboy, 459 U.S. 248, 266 n. 1, 103 S.Ct. 608, 619, n. 1, 74 L.Ed.2d 430, 445-46 n. 1 (1983)). A trial court may properly require a witness to answer questions only if it is perfectly clear that the witness is mistaken in his apprehensions and the answers cannot possibly have a tendency to incriminate. Lewis v. First American Bank of Palm Beach County, 405 So.2d 300 (Fla. 4th DCA 1981). Finally, a trial court order that compels a witness to answer all questions raised, even those which may incriminate the witness, should be considered overbroad and a departure from the essential requirements of law. See, e.g., J.R. Brooks & Son, Inc. v. Donovan, 592 So.2d 795 (Fla. 3d DCA 1992).
In the instant case, during the deposition, Allen was posed with questions which might provide a foundation for a possible criminal prosecution for forgery as well as questions which were completely innocuous. However, instead of determining the propriety of Allen's apprehensions of incrimination on a question-by-question basis, the trial court entered a blanket order compelling answers to all questions. Thus, the trial court departed from the essential requirements of law in compelling discovery which would infringe upon Allen's right against self-incrimination thereby causing Allen material injury throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal. E.g. J.R. Brooks & Sons, Inc. v. Donovan, 592 So.2d 795 (Fla. 3d DCA 1992); Meek v. Dean Witter Reynolds, Inc., 458 So.2d 412 (Fla. 4th DCA 1984); DeLisi v. Bankers Ins. Co., 436 So.2d 1099 (Fla. 4th DCA 1983).
Accordingly, we grant the petition for writ of certiorari, quash the trial court's order to compel and we remand this cause with directions to the trial court to determine whether each question posed falls within the purview of the fifth amendment.
PETITION GRANTED.
GLICKSTEIN and FARMER, JJ., concur.