COPE, Judge
(dissenting).
The trial court overruled petitioners’ claim of Fifth Amendment privilege under the United States Constitution and ordered petitioners to answer interrogatories. That ruling was contrary to Curdo v. United States, 354 U.S. 118, 124-28, 77 S.Ct. 1145, 1148-52, 1 L.Ed.2d 1225 (1957).
The Florida Supreme Court has said that an order of the type involved here is reviewable on certiorari. Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942). The court stated:
A question requiring an answer which would violate the civil rights of the witness should be prohibited, because if such right is violated the wrong cannot be righted. It, therefore, follows that requiring a witness to answer some questions may constitute error which may or may not warrant reversal on appeal and inflict no injury on the witness, while requiring the witness to answer other questions might so violate his civil rights as to make review on appeal entirely inadequate and ivould constitute such a departure from the essential requirements of the law as to make a ruling requiring the answer reviewable on certio-rari to adequately protect the constitutional or lawful rights of the witness.
Id. at 582, 6 So.2d at 545 (emphasis added); (citation omitted); see also Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099-1100 (Fla.1987) (quoting Kilgore v. Bird).
Under this court’s precedents, an order improperly overruling a valid claim of Fifth Amendment privilege is a departure from the essential requirements of law for which cer-tiorari will issue. J.R. Brooks & Son, Inc. v. Donovan, 592 So.2d 795 (Fla. 3d DCA 1992) (order compelling deposition answers); Fox v. Kelner, 574 So.2d 311 (Fla. 3d DCA 1991) (order compelling discovery); Albert v. Salce, 439 So.2d 339 (Fla. 3d DCA 1983); Town v. Reno, 395 So.2d 602 (Fla. 3d DCA 1981) (order compelling interrogatory answers); cf. Rainerman v. Eagle Nat’l Bank, 541 So.2d 740 (Fla. 3d DCA 1989) (order compelling deposition answers; entertained as appeal). Certiorari was also issued by other district courts of appeal to quash discovery orders in such Fifth Amendment cases as Magid v. Winter, 654 So.2d 1037 (Fla. 4th DCA 1995); Randall v. Guenther, 650 So.2d 1070 (Fla. 5th DCA 1995); Meek v. Dean Witter Reynolds, Inc., 458 So.2d 412 (Fla. 4th DCA 1984); and DeLisi v. Bankers Insurance Co., 436 So.2d 1099 (Fla. 4th DCA 1983).
Since the present petitioners are indistinguishable from those in J.R. Brooks & Son, Fox, Albert, Town, and Rainerman, we are obliged to act consistently with established precedent and grant certiorari. It was suggested at oral argument that this court should deny certiorari, let petitioners refuse to answer, and then review the case by appeal from a contempt adjudication or an order striking pleadings and entering judgment against petitioners. Under existing precedent, we are obliged to reject that suggestion. These petitioners are entitled to be treated consistently with other petitioners *218 who have regularly been granted certiorari relief in indistinguishable circumstances.
The petition should be granted.