COBB, J.
Petitioner, Hugh Burnette, is charged with the DUI manslaughter of David Stanton. Stanton’s estate has also sued Bur-nette for wrongful death. Burnette seeks certiorari review of a discovery order in the civil case which requires him to answer interrogatories and a request to produce, despite his assertion of the Fifth Amendment privilege.
The Fifth Amendment privilege against self-incrimination may be asserted during discovery when a litigant has reasonable grounds to believe that the response to a discovery request would fur *729 nish a link in the chain of evidence needed to prove a crime against the litigant. See Magid v. Winter, 654 So.2d 1037 (Fla. 4th DCA1995). See also Pillsbury Co. v. Conboy, 459 U.S. 248, 266 n. 1, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983) (a witness is entitled to invoke the Fifth Amendment privilege whenever there is a realistic possibility that the answer to a question could be used in any way to convict the witness of a crime or could aid in the development of other incriminating evidence that can be used at trial). A court may compel a litigant to answer questions only if it is perfectly clear that the litigant is mistaken in his or her apprehension and that the answers to the interrogatories cannot possibly have a tendency to incriminate. Magid, 654 So.2d at 1039.
In this case, the order compels Burnette to answer interrogatories about the facts underlying the affirmative defenses of contributory negligence and mechanical defect asserted by him in the civil suit. The order also compels Burnette to disclose the names of witnesses, both lay and expert, with knowledge of the facts supporting the defense of contributory negligence and requires production of the curriculum vitae of any expert named. The information sought requires disclosure of the factors which caused or contributed to the automobile accident underlying the criminal prosecution and could furnish a link in the chain of evidence required to convict Burnette. Therefore, the order compelling Burnette to answer the interrogatories is quashed. As Burnette is not required to name the expert witnesses supporting his affirmative defenses, the request to produce the experts’ curricula vitae is moot.
PETITION GRANTED AND ORDER QUASHED.
DAUKSCH and W. SHARP, JJ., concur.