DAUKSCH, J.
Before us is a petition for writ of certio-rari seeking to quash a discovery order requiring the petitioner to respond to interrogatories in aid of execution of a judgment despite the petitioner’s assertion of the Fifth Amendment privilege against self-incrimination. We grant the writ of certiorari and quash the order because the information sought could furnish a link in the chain of evidence required to convict the petitioner of a crime.
The respondent served the petitioner interrogatories in aid of execution of judgment pursuant to Florida Rule of Civil Procedure 1.560. The respondent sought information on the petitioner’s assets and income. The petitioner refused to answer these interrogatories asserting his Fifth Amendment privilege against self-incrimination based on ongoing fraud investigations by the federal government against the petitioner. The trial court ordered the petitioner to answer the interrogatories.
The constitutional privilege against self-incrimination is found in both the Fifth Amendment to the United States Constitution and Article I, section 9 of the Florida Constitution. The privilege against self-incrimination is to be liberally construed and may be invoked where the party has a reasonable cause to apprehend danger from a direct answer. See, Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). See also, Pillsbury Co. v. Conboy, 459 U.S. 248, 266 n. 1, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983) (a witness need show only a realistic possibility that his answer will be used against him). The privilege may be invoked in a civil action during a discovery proceeding if the civil litigant has reasonable grounds *172 to believe that direct answers to deposition or interrogatory would furnish a link in the chain of evidence needed to prove a crime against him. See, Burnette v. Stanton, 751 So.2d 728 (Fla. 5th DCA 2000); Magid v. Winter, 654 So.2d 1037 (Fla. 4th DCA 1995). A court may compel a litigant to answer questions only if it is perfectly clear that the litigant is mistaken in his apprehension and that the answers to the interrogatories cannot possibly have a tendency to incriminate. Burnette, 751 So.2d 728; Magid, 654 So.2d at 1039.
The petitioner has asserted proper grounds to invoke his Fifth Amendment privilege based on the ongoing federal fraud investigation. Information on his assets and income could reasonably lead to evidence which could aid in the prosecution of the petitioner. If compelled to answer these interrogatories, the petitioner would find himself on the horns of a dilemma. If he does not truthfully answer the interrogatories to protect himself from the fraud investigation, the petitioner could be subject to a charge of perjury. On the other hand, if he divulges the information he could help, aid and assist the potential federal prosecution.
Therefore, the order compelling the petitioner to answer the interrogatories is quashed.
PETITION GRANTED and ORDER QUASHED.
GRIFFIN and THOMPSON, JJ., concur.