845 So.2d 947 (2003)
Jack CARUSO, et al., Appellants,
v.
SUPER VISION INTERNATIONAL, INC. and Brent Kingstone, Appellees.
No. 5D02-3029.
District Court of Appeal of Florida, Fifth District.
April 25, 2003.
*948 Philip J. Snyderburn and William M. Rishoi of Snyderburn, Rishoi & Swann, Orlando, for Appellant.
John E. Fisher and Joseph Tamborello, Jr., of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee Super Vision International, Inc.
Brian D. DeGailler of Broussard, Cullen & DeGailler and Richard C. Swank of Litchford & Christopher, Orlando, for Appellee Brent Kingstone.
PALMER, J.
Appellants, who were defendants below in this breach of contract action, appeal the trial court's non-final orders finding them in civil contempt and striking their pleading as a sanction therefor. However, the orders are not appealable under rule 9.130 of the Florida Rules of Appellate Procedure. Therefore, we must deem the appellants' notice of appeal to be a petition for writ of certiorari. See Fla. R.App. P. 9.040(c). Having done so, we deny the petition since any error occasioned by the trial court's orders is correctable on direct appeal. See Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000) (explaining that in order to be granted certiorari relief, appellant must establish that the trial court departed from the essential requirements of the law, the departure resulted in irreparable harm, and the harm is not correctable on direct appeal).
Appellants were found in civil contempt for failing to abide by the terms of a temporary injunction entered against them. More specifically, the trial court had enjoined the appellants from removing various materials from Florida pending disposition of the lawsuit but they violated this injunction by removing said material to China. The trial court found such violation to constitute contempt of court and subsequently struck appellants' responsive pleadings as a sanction therefor.
Appellants challenge both the contempt order and the sanction order, asserting that they are appealable, non-final orders pursuant to Florida Rule of Appellate Procedure 9.130. Specifically, they maintain that the orders either determine the right to immediate possession of property or granted or modified an injunction. We disagree. The record establishes that the trial court's orders are not appealable under rule 9.130. See Davis v. State, 758 So.2d 724 (Fla. 2d DCA 2000) (explaining that prejudgment civil contempt orders are more properly reviewed by certiorari); see also Sears v. Sears, 617 So.2d 807 (Fla. 1st DCA 1993); Stewart v. Mussoline, 487 So.2d 96 (Fla. 3d DCA 1986). Compare Alves v. Barnett Mortgage Co., 688 So.2d 459 (Fla. 4th DCA 1997).
As for certiorari review, we conclude that such relief is not warranted under the facts of this case because the issues raised in this proceeding are reviewable on direct appeal. Accordingly, the petition for certiorari is denied, without a determination on the merits, since any error can be corrected on direct appeal.
PETITION DENIED.
*949 TORPY, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring specially.
This case is complicated by the fact that the trial court, based on the stricken pleadings, entered what purports to be a "final judgment" during the pendency of this proceeding. I believe we should decide this case on its merits. It is my view that the trial court acted within its discretion and there was no departure from the essential requirements of law. Accordingly, I agree the petition should be denied.