858 So.2d 391 (2003)
Gene William BOYLE, Petitioner,
v.
Yolanda R. BUCK, as Personal Representative of the Estate of Billy Lacy Buck, deceased, Respondent.
No. 4D03-4134.
District Court of Appeal of Florida, Fourth District.
November 5, 2003.
*392 Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for petitioner.
No brief filed for respondent.
GROSS, J.
This case involves the review of an order in a civil case compelling production of a car for inspection, over a defendant's assertion of the privilege against self-incrimination. We deny the petition because the privilege does not apply to an object, such as a car, which does not involve testimony or communications.
Petitioner, Gene William Boyle, is a defendant in two lawsuits arising from a crash where his Porsche struck and killed a motorcyclist. In a criminal case, the state has charged him with leaving the scene of an accident involving a death. In a civil case, the victim's family has filed a wrongful death action.
The plaintiffs in the civil case sought to inspect Boyle's Porsche. The state had filed the criminal case without locating the car. According to the probable cause affidavit, the police identified the Porsche through a speciality license tag, located the repair shop where it had been taken in the past, and obtained information indicating that Boyle was the car's owner and its driver at the time of the crash.
On October 20, 2003, the judge in the civil case overruled Boyle's objection to the production of his car for inspection, which raised the Fifth Amendment privilege against self-incrimination. Boyle seeks certiorari review of this order.
Certiorari will lie to review an order compelling discovery in a civil case over an objection that the order violates the Fifth Amendment privilege against self-incrimination. See, e.g., Magid v. Winter, 654 So.2d 1037 (Fla. 4th DCA 1995). The reviewing court must determine whether the trial court's discovery order departed from the essential requirements of law resulting in irreparable harm to the petitioner.
The Fifth Amendment to the United States Constitution provides in pertinent part that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V; see also Art. I, § 9, Fla. Const. This protection exists primarily to "assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action." Maness v. Meyers, 419 U.S. 449, 461, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975).
One aspect of the privilege against self-incrimination is a witness's right in a civil proceeding to refuse to respond to a question on the grounds that his answer may tend to incriminate him. See Kastigar v. United States, 406 U.S. 441, 444-45, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); DeLisi v. Bankers Ins. Co., 436 So.2d 1099, 1101 (Fla. 4th DCA 1983).
During discovery in a civil case, a litigant may assert the Fifth Amendment privilege when the litigant has reasonable grounds to believe that the response to a discovery request would furnish a link in the chain of evidence needed to prove a crime against the litigant. See Magid, 654 So.2d at 1038-39; see also Pillsbury Co. v. *393 Conboy, 459 U.S. 248, 266 n. 1, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983) (holding that a witness is entitled to invoke the Fifth Amendment privilege whenever there is a realistic possibility that the answer to a question could be used in any way to convict the witness of a crime or could aid in the development of other incriminating evidence that can be used at trial).
The Fifth Amendment privilege does not shield every kind of incriminating evidence. Rather, it protects only testimonial or communicative evidence, not real or physical evidence which is not testimonial or communicative in nature. See Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Thus, a person may be compelled to provide speech or writing exemplars, provided that "his speech or writing exemplars are not sought to disclose any knowledge that he might have." St. George v. State, 564 So.2d 152, 154 (Fla. 5th DCA 1990) (citing United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)).
Florida courts have required disclosure of various types of non-testimonial evidence over a Fifth Amendment objection. See, e.g., Gorby v. State, 630 So.2d 544 (Fla.1993) (tattoos); Macias v. State, 515 So.2d 206 (Fla.1987) (voice exemplars); Wyche v. State, 536 So.2d 272 (Fla. 3d DCA 1988) (fingerprinting); Doe v. State, 409 So.2d 25 (Fla. 1st DCA 1981) (bullet removal); State v. Esperti, 220 So.2d 416 (Fla. 2d DCA 1969) (presence of nitrates powder burns on hands).
The order requiring production of the Porsche does not require the production of testimonial or communicative evidence. Therefore, it is not a departure from the essential requirements of law.
Boyle relies upon Burnette v. Stanton, 751 So.2d 728 (Fla. 5th DCA 2000), but that case is distinguishable because it concerns testimonial evidence. Burnette involved a defendant in both a wrongful death civil suit and a manslaughter criminal prosecution. The fifth district applied the Fifth Amendment privilege to prevent the court in the civil suit from compelling the defendant to answer interrogatories about facts and witnesses supporting his affirmative defenses. Such discovery involved evidence of a testimonial or communicative nature, not a physical object such as the Porsche in this case.
Boyle also cites United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944), but that case offers no support to his challenge here. It concerned a claim of Fifth Amendment privilege invoked by an operating engineers union, in which the defendant was an officer. The Supreme Court said that to invoke the privilege, the papers and effects at issue must be the private property of the person claiming the privilege or in his possession in a purely personal capacity. That case offers no support for extending the fairly well defined parameters of the Fifth Amendment privilege beyond evidence which is testimonial or communicative in nature.
The petition for writ of certiorari is denied.
KLEIN and SHAHOOD, JJ., concur.