940 So.2d 1217 (2006)
Victoria PISCIOTTI, Appellant,
v.
Eugene STEPHENS, Appellee.
Nos. 4D05-3648, 4D05-3649.
District Court of Appeal of Florida, Fourth District.
November 1, 2006.
*1219 Thomas F. Luken, Fort Lauderdale, for appellant.
Douglas R. Bell, Fort Lauderdale, for appellee.
FARMER, J.
The personal representative (PR) of her parents' estates has filed separate petitions seeking certiorari review of two probate court orders, directing her to answer deposition questions and to file final accountings. We treat the petitions as appeals of non-final orders. We reverse both on the grounds that they violate her Fifth Amendment constitutional right against self-incrimination.
Victoria and Eugene are sister and brother. Their mother died in May 2001, leaving her entire estate to their father. Four months later father also passed away. His will provided for the equal division of assets between the two children if mother had predeceased him. Sister was appointed PR of mother's estate and, although never formally appointed, also assumed the role of PR of father's estate.
During the administration of the estates, brother uncovered three undisclosed checkstwo purporting to have been signed and dated by father after his own death. Around this time, sister also testified at a hearing held on homestead, making statements regarding the parents' bank accounts. In light of the undisclosed checks and sister's testimony, brother filed adversary proceedings to remove her as PR, accusing her of stealing money by forging signatures on checks and giving false testimony at the hearing. He also sought judgment against her for the funds and other assets wrongfully taken. In an attempt to partially resolve these proceedings, the parties entered into an agreed order wherein sister agreed to resign as PR from both estates.
Thereafter at her first deposition, sister asserted her Fifth Amendment privilege to all questions posed, and brother stated that he may pursue criminal prosecution if she remained silent. She maintained her right to remain silent and, accordingly, he filed a motion to direct her to answer the questions. The trial court ultimately granted brother's motion and ordered sister to testify and file a final accounting of mother's estate and an asset flow of father's estate. At a second deposition, she once again asserted her Fifth Amendment privilege. In response, brother filed another motion directing her to answer and requested that she be held in contempt. The trial court granted the motion and repeated that sister must provide an accounting of both estates. In its order, the court did not review the nature of the deposition questions on a question-by-question basis.
Certiorari lies to review orders compelling discovery in civil cases "over an objection that the order violates the Fifth Amendment privilege against self-incrimination." McKay v. Great Am. Ins. Co., 876 So.2d 666, 669 (Fla. 4th DCA 2004) (referencing Boyle v. Buck, 858 So.2d 391, 392 (Fla. 4th DCA 2003)). "The reviewing court must determine whether the trial court's discovery order departed from the essential requirements of law, resulting in harm to the petitioner not remediable on *1220 plenary appeal." McKay, 876 So.2d at 669. The order must violate clearly established principles of law and result in a miscarriage of justice. Fassy v. Crowley, 884 So.2d 359, 364 (Fla. 2d DCA 2004) (citing Combs v. State, 436 So.2d 93, 95-96 (Fla.1983)).
Sister's first argument on appeal is that the trial court's order requiring her to answer deposition questions violates her Fifth Amendment privilege against self-incrimination, particularly in light of her brother's comments regarding criminal prosecution of her. We agree.
The Fifth Amendment to the United States Constitution provides in pertinent part that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V; see also Art. I, § 9, Fla. Const. This protection exists primarily to "assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action."
One aspect of the privilege against self-incrimination is a witness's right in a civil proceeding to refuse to respond to a question on the grounds that his answer may tend to incriminate him. See Kastigar v. United States, 406 U.S. 441, 444-45, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); DeLisi v. Bankers Ins. Co., 436 So.2d 1099, 1101 (Fla. 4th DCA 1983).
During discovery in a civil case, a litigant may assert the Fifth Amendment privilege when the litigant has reasonable grounds to believe that the response to a discovery request would furnish a link in the chain of evidence needed to prove a crime against the litigant.
The Fifth Amendment privilege does not shield every kind of incriminating evidence. Rather, it protects only testimonial or communicative evidence, not real or physical evidence which is not testimonial or communicative in nature. See Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). [c.o.]
Boyle, 858 So.2d at 392-93. Moreover, this privilege is a fundamental principle; thus "waiver of privilege will not be lightly inferred, [and] courts will generally indulge every reasonable presumption against finding a waiver." Jenkins v. Wessel, 780 So.2d 1006, 1008 (Fla. 4th DCA 2001).
Significantly, in Magid v. Winter, 654 So.2d 1037, 1039 (Fla. 4th DCA 1995), we emphasized that:
"[i]t need not be probable that a criminal prosecution will be brought or that the witness's answer will be introduced in a later prosecution; the witness need only show a realistic possibility that the answers will be used against him."
654 So.2d at 1039; see also Hoffman v. United States, 341 U.S. 479, 486-87, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). Moreover, "a trial court order that compels a witness to answer all questions raised, even those which may incriminate the witness, should be considered overbroad and a departure from the essential requirements of law." Magid, 654 So.2d at 1039. Here, given the potentially incriminating nature of the evidence, coupled with brother's professed intent to seek criminal prosecution, sister had reasonable grounds to fear that her deposition testimony could be used as a link in a chain of evidence against her in a later criminal proceeding. See O'Neal v. Sun Bank, N.A., 754 So.2d 170, 171-72 (Fla. 5th DCA 2000) (holding Fifth Amendment properly invoked because "civil litigant has reasonable grounds to believe that direct answers to deposition . . . would furnish a link in the chain of evidence and subject him to a perjury *1221 charge"). Thus, in this case the trial court failed to recognize that there was a reasonable possibility of prosecution, and ultimately applied the wrong law. See Pillsbury Co. v. Conboy, 459 U.S. 248, 266, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983); see also Magid, 654 So.2d at 1039; Fassy, 884 So.2d at 364.
Second, sister argues that the trial court's order requiring her to file final accountings also violates her Fifth Amendment privilege. Generally, the privilege does not apply to documents that are required under the law to be prepared by a PR to carry out a fiduciary duty. In the case of In re Rasmussen, 335 So.2d 634, 636 (Fla. 1st DCA 1975), the First District noted:
"The privilege against self-incrimination is a personal one. The individual and his records are both constitutionally protected. However, this immunity is designed to protect personal documents or papers, or at least those in his possession in a purely personal capacity. . . . To hold otherwise, would permit a fiduciary to neglect his duties, and then to refuse to comply with a court order, which seeks to compel him to comply, by taking the `fifth'. We do not mean that an individual serving in a fiduciary capacity is prohibited from asserting his privilege against self-incrimination as to purely personal documents which may be located in the file or records maintained by him in his fiduciary capacity." [c.o.]
Rasmussen, 335 So.2d at 636. Thus, the court reasoned that while the privilege may attach to a PR's personal documents, it does not attach to those documents the PR is required by law to prepare.
Yet given the fundamental nature of the Fifth Amendment's constitutional guarantees, we perceive grave difficulties in applying the privilege to the deposition questions but not to the related final accountings. To refuse to apply the privilege to the order for a final accounting document in this case would have the rather perverse effect of protecting sister from giving testimonial answers conceivably providing a link in the chain of evidence but then refusing the same protection by requiring her to file accountings yielding the same information. Because of the facts and circumstances of this case, we distinguish Rasmussen.
Reversed.
POLEN, J., concurs.
STONE, J., concurs in part and dissents in part with opinion.
STONE, J., concurring in part and dissenting in part.
I concur in reversing as to application of the Fifth Amendment to the compelled deposition testimony. However, as to the order directing Appellant to file accountings, I would affirm. See Wright v. Dep't of Health and Rehabilitative Servs., 668 So.2d 661 (Fla. 4th DCA 1996).