DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RANDALL S. APPEL,**
Petitioner,

v.

**NORMAN BARD and SHIRLEY BARD,**
Respondents.

No. 4D14-2061

[January 21, 2015]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 013CA009797XXXXMB.

Esther A. Zaretsky, West Palm Beach, for petitioner.

Robert Rivas of Sachs Sax Caplan, P.L., Tallahassee, for respondents.

DAMOORGIAN, C.J.

Randall S. Appel petitions this Court for a writ of certiorari, seeking review of an order granting plaintiffs' motion to compel answers to deposition questions and overruling Fifth Amendment privilege objections. We grant the petition.

Respondents are seeking to execute a domesticated foreign judgment of more than $1 million dollars against Appel. During discovery, Appel invoked the Fifth Amendment privilege against self-incrimination and refrained from answering questions regarding whether he filed tax returns for a span of years. Respondents filed a motion to compel which the trial court granted for years 2005 through 2010.

Appel argues that this was a departure from the essential requirements of law because being forced to admit or deny, under oath, whether he filed his tax returns could be used by the U.S. Department of Treasury against him in a future tax prosecution. Appel also argues that his answers could "evoke a response forming a link in the chain of evidence which might lead to criminal prosecution." *Delisi v. Smith*, 423 So. 2d 934, 938 (Fla. 2d DCA 1982).

"Certiorari will lie to review an order compelling discovery in a civil case over an objection that the order violates the Fifth Amendment privilege against self-incrimination." *Boyle v. Buck*, 858 So. 2d 391, 392 (Fla. 4th DCA 2003).

When presented with a Fifth Amendment privilege objection, the court "must exercise its discretion and determine whether it is reasonably possible that answers to either interrogatories or deposition questions could evoke a response 'forming a link in the chain of evidence which might lead to criminal prosecution.'" *DeLisi v. Bankers Ins. Co.*, 436 So. 2d 1099, 1101 (Fla. 4th DCA 1983) (quoting *DeLisi*, 423 So. 2d at 938).

> *A witness is generally entitled to invoke the Fifth Amendment privilege against self-incrimination whenever there is a realistic possibility that his answer to a question can be used in any way to convict him of a crime. It need not be probable that a criminal prosecution will be brought or that the witness's answer will be introduced in a later prosecution; the witness need only show a realistic possibility that his answer will be used against him.* Moreover, the Fifth Amendment forbids not only the compulsion of testimony that would itself be admissible in a criminal prosecution, but also the compulsion of testimony, whether or not itself admissible, that may aid in the development of other incriminating evidence that can be used at trial. *See Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951).
>
> The privilege is inapplicable only "if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness." *Brown v. Walker*, 161 U.S. 591, 597, 16 S.Ct. 644, 647, 40 L.Ed. 819 (1896).

*Pillsbury Co. v. Conboy*, 459 U.S. 248, 267 n.1 (1983) (J. Marshall concurring) (emphasis added).

In the present case, petitioner has shown a reasonable probability that the information might be used against him in a prosecution for failure to file and failure to pay his taxes.[1] We conclude that he is entitled to relief.

---

Compelling Appel to answer yes-or-no in response to whether he filed tax returns would be forcing him to admit or deny the very thing the government would be trying to prove in a federal tax prosecution—an essential element of the crime, thus lowering the government's burden. We disagree with respondents' contention that because the IRS is already aware of his filing status he should be compelled to answer.

We find that the trial court departed from the essential requirements of law in ordering Appel to respond to the deposition questions regarding whether he filed tax returns for years 2005–2010. We grant the petition,

---

[1] 10.05 **FAILURE TO FILE**

10.05 [1] **Elements**

To establish the offense of failure to make (file) a return, the government must prove three essential elements beyond a reasonable doubt:

1. The defendant was a person required to file a return;

2. **The defendant failed to file at the time required by law**; and

3. The failure to file was willful.

U.S. Dep't of Justice Tax Div., Criminal Tax Manual (2012), http://www.justice.gov/tax/readingroom/2008ctm/CTM%20Chapter%2010.pdf (herein DOJ Tax Manual); 26 U.S.C. § 7203; *United States v. Hassebrock*, 663 F.3d 906, 919 (7th Cir. 2011).

10.06 **FAILURE TO PAY**

10.06[1] **Elements**

To establish the offense of failure to pay a tax, the government must prove beyond a reasonable doubt that

(1) the defendant had a duty to pay a tax,

(2) **the tax was not paid at the time required by law**, and

(3) the failure to pay was willful.

DOJ Tax Manual at 26–27; *United States v. Tucker*, 686 F.2d 230, 232 (5th Cir. 1982); 26 U.S.C. § 7203.

quash the order on review and remand for proceedings consistent with this opinion.[2]

*Petition Granted.*

STEVENSON and CONNER, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The petitioner offers a form of alternate relief which does not appear to have been brought before the trial court. We note that respondents can pursue this alternate relief as offered by the petitioner.