DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENNIS WRIGHT,**
Petitioner,

v.

**ANNA MORSAW,** as Personal Representative of the Estate of **JORDAN PARSONS,** deceased, **PATRICIA FULLER,** and **BSB DELRAY, LLC**
d/b/a **BUDDHA SKY BAR,**
Respondents.

No. 4D17-0589

[December 13, 2017]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 50-2016-CA-007649-XXXX-MB-AD.

Robert B. Resnick, Fort Lauderdale, for petitioner.

Kara Berard Rockenbach of Link & Rockenbach, P.A., and Matthew K. Schwenke of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, for respondent Anna Morsaw, as personal representative of the Estate of Jordan Parsons, deceased.

PER CURIAM.

Dennis Wright, the defendant in related civil and criminal cases, petitions for a writ of certiorari seeking to quash portions of a discovery order entered in the civil case requiring him to provide certain records over Fifth Amendment privilege against self-incrimination objections. We deny the petition because petitioner has not demonstrated that the trial court's order departs from the essential requirements of law.

Petitioner was charged with various criminal offenses for an April 2016 hit-and-run accident that resulted in a pedestrian's death. The State alleged that petitioner drove recklessly while intoxicated after having left a Delray Beach bar. After the accident, petitioner allegedly fled to a friend's home, "posted" about the accident on social media, and hid the vehicle he had been driving before seeking its repair.

The decedent's estate sued petitioner, his mother as owner of the vehicle, and the bar where petitioner was allegedly drinking before the accident. The operative complaint sought punitive damages and alleged that at all material times petitioner had a prolonged history of alcohol abuse that was well known to him, his friends, his mother, the bar, and the public at large. The decedent's estate served a host of production requests which were met by petitioner's Fifth Amendment based objections. Following a hearing on the estate's motion to compel, the trial court ordered petitioner to respond to specific requests.

This petition addresses four of those requests which focus on two distinct topics: finances and social media. Interrogatory number fourteen and production request number eleven require petitioner to identify bank accounts and to provide credit card statements. Interrogatory fifteen and production request number ten require petitioner to identify any and all social media names and handles and to produce digital copies of all of his social media accounts. The order also provides that petitioner shall be required to provide "signed written authorizations for release of Facebook, Instagram and Snapchat information." Petitioner argues that the order violates his Fifth Amendment privilege against self-incrimination because the records sought are communicative in nature and could furnish a link in the chain of evidence needed to prove him guilty in the related criminal case.

The Fifth Amendment to the United States Constitution provides in pertinent part that no person "'shall be compelled in any criminal case to be a witness against himself.'" *Pisciotti v. Stephens*, 940 So. 2d 1217, 1220 (Fla. 4th DCA 2006) (quoting U.S. Const. Amend. V); *see also* Art. I, § 9, Fla. Const. "This protection exists primarily to 'assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action.'" *Pisciotti*, 940 So. 2d at 1220 (quoting *Boyle v. Buck*, 858 So. 2d 391, 392 (Fla. 4th DCA 2003). As this Court noted in *Pisciotti*, the Fifth Amendment privilege protects both individuals as well as their records. 940 So. 2d at 1221. However, it "'does not shield every kind of incriminating evidence. Rather, it protects only testimonial or communicative evidence, not real or physical evidence which is not testimonial or communicative in nature.'" *Id.* at 1220 (quoting *Boyle*, 858 So. 2d at 393). Accordingly, when a movant lodges a Fifth Amendment privilege objection to the disclosure of certain records, the trial court "must exercise its discretion and determine whether it is reasonably possible that answers to either interrogatories or deposition questions could evoke a response forming a link in the chain of evidence which might lead to criminal prosecution." *Appel v. Bard*, 154 So. 3d 1227, 1228–29 (Fla. 4th DCA 2015) (internal quotation marks and citation omitted).

In the present case, petitioner has not provided this Court with the transcript from the hearing on the motion to compel and petitioner does not contend that he proffered information to the trial court in order to demonstrate the testimonial or communicative nature of the social media and financial records. In the absence of such a transcript, we cannot conclude that the trial court abused its discretion in ordering petitioner to respond to the discovery requests. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979).

With that being said, even if we were to assume that the records at issue are testimonial or communicative in nature, petitioner still has not demonstrated how those records could furnish a link in the chain of evidence needed to prove him guilty in the related criminal case. While the financial discovery may reveal that petitioner spent money at places that serve alcohol, that alone does not link him to the crimes charged or demonstrate the extent of his drinking on the night of the accident or at any other pertinent time. Regarding the social media records, petitioner has not demonstrated a "link" or shown that he is being asked to furnish or reveal anything that he did not already publically post.[1] *See Rendel v. Rendel*, 340 So. 2d 1236, 1237–38 (Fla. 4th DCA 1976) (permitting production of necessary written authorizations in order for appellant to obtain copies of account information associated with foreign accounts about which the appellee had already testified to on numerous occasions).

The petition for certiorari is accordingly denied.

WARNER, MAY, and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We recognize that there are many potential issues surrounding the testimonial nature of social media and the production of passwords. *See State v. Stahl*, 206 So. 3d 124, 131–35 (Fla. 2d DCA 2016); *see also* Caren Myers Morrison, *Passwords, Profiles, and the Privilege Against Self-Incrimination: Facebook and the Fifth Amendment*, 65 Ark. L. Rev. 133, 133 (2012). This case, however, does not involve the production of social media passwords.