ALTENBERND, Judge.
David L. Raass, D.M.D., seeks certiorari review of an order overruling his Fifth Amendment objections to thirteen interrogatories. We grant relief as to some, but not all, of the interrogatories.
Joseph Borgia and his wife sued Dr. Raass for dental malpractice arising out of treatment in the spring of 1992. The plaintiffs’ amended complaint alleges that Dr. Raass provided treatment to Mr. Borgia while under the influence of “illegal drugs.” During initial discovery, Dr. Raass answered interrogatories indicating that between August 1992 and January 1993 he had voluntarily received medical treatment for a chemical dependency to prescription drugs.
A follow-up set of thirteen interrogatories asked Dr. Raass more detailed questions concerning his chemical dependency and the knowledge of his staff concerning the dependency. Dr. Raass responded to each question by invoking his Fifth Amendment privilege. The plaintiffs moved to compel answers to these interrogatories and the trial court entered an order requiring Dr. Raass to answer all thirteen questions.
The law in this area is well settled.
Fifth Amendment claims must be judged by the standards in Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). The Hoffman court *122 stated that the Fifth Amendment privilege is applicable where the defendant has “reasonable cause to apprehend danger from a direct answer.” Id. at 486, 71 S.Ct. at 818. And this is a question for the court to decide, the witness may not establish the privilege by his bald assertion of the privilege. Of course, the witness need not prove the danger, otherwise the privilege would be meaningless.
To sustain the privilege, it need only be evident from the implications of the questions, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim “must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.”
Id. at 486-87, 71 S.Ct. at 818. The privilege must be sustained if it is not “ ‘perfectly dear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] cannot possibly have such tendency’ to incriminate.” Id. at 488, 71 S.Ct. at 819.
United States v. Goodwin, 625 F.2d 693, 700-701 (5th Cir.1980) (emphasis original).
In determining whether the answers to these interrogatories can possibly have a tendency to incriminate Dr. Raass, we note that the statute of limitations for first-degree felonies is four years and for lesser felonies is three years. § 775.15, Fla.Stat. (1993). The treatment provided to Mr. Borgia occurred within these limitations. We also observe that the criminal offenses in chapter 893 include offenses arising from unauthorized use or possession of prescription drugs.
Dr. Raass has already admitted that he suffered from a chemical dependency. It seems “perfectly clear” that some of the questions can be adequately answered to explain that dependency without possibly having a tendency to incriminate Dr. Raass. Accordingly, we deny the writ as to interrogatories 1, 7, 9,10,11, and 13. As to interrogatory 12, we deny the writ but limit the question to require information concerning over-the-counter or prescription drugs that have been legally taken for medical reasons during the past five years.
On the other hand, we conclude that the trial court abused its limited discretion by requiring answers to interrogatories 2, 3, 4, 5, 6, and 8. Because such abuse of discretion cannot be remedied on direct appeal, we hold that the trial court departed from the essential requirements of law. Question 2, for example, asked Dr. Raass to state the drug or drugs upon which he became chemically dependent. At this time, the answer to this question could possibly have the tendency to incriminate Dr. Raass. Accordingly, we grant the writ and relieve Dr. Raass from answering these questions at this stage in the proceedings. ,
In so doing, we point out that Dr. Raass’s earlier answers to interrogatories indicate that he completed his rehabilitation in January 1993. His answers indicate that his rehabilitation was successful and that he currently has no restrictions on his practice. If this lawsuit is not resolved during the next year, it is conceivable that the Fifth Amendment may cease to bar answers to some of these interrogatories. Thus, we do not intend this ruling to prevent the trial court from reconsidering these discovery issues after more time has elapsed.
PATTERSON, A.C.J., and LAZZARA, J., concur.