659 So.2d 1138 (1995)
Anthony J. NOVAK, Appellant,
v.
Teresa H. SNIEDA, Appellee.
No. 94-02995.
District Court of Appeal of Florida, Second District.
August 9, 1995.
Rehearing Denied September 12, 1995.
*1139 Anthony J. Novak, pro se.
J. Michael Coleman, Naples, for appellee.
PARKER, Acting Chief Judge.
Anthony J. Novak,[1] the defendant in the trial court, appeals the trial court's order granting the plaintiff's motion for contempt for failure to answer questions in a deposition conducted in aid of execution. We reverse, concluding that the order directs an adjudication of contempt and prospective incarceration without the requisite due process safeguards and Fifth Amendment considerations.
In 1992 Teresa H. Snieda obtained a judgment against Anthony J. Novak in the amount of $868,362.64 on her claims for fraud, civil theft, and conversion. Snieda attempted unsuccessfully to examine Novak numerous times pursuant to section 56.29(2), Florida Statutes (1991). The record demonstrates clearly that Novak frustrated Snieda's efforts to depose him for over one year.[2] *1140 In June 1994 Snieda filed a Motion for Contempt based on Novak's failure to answer any question at the examination for proceedings supplementary to execution. One day prior to the hearing on the motion, Novak filed a Motion for Continuance and requested that the court hold a telephonic hearing. Novak, who was residing in Massachusetts, attached an affidavit to his motion which stated that he suffers from a medical disability and cannot withstand the rigors of travel. Snieda attended the hearing on the Motion for Contempt and the Motion for Continuance. The court delayed the hearing seventeen minutes to give Novak a chance to appear, either in person or by telephone. Novak failed to appear, and the trial court denied the Motion for Continuance and granted the Motion for Contempt. The trial court's order stated the following:
1. Defendant, ANTHONY J. NOVACK, is hereby directed to appear for an examination, and fully respond to the questions set forth in the examination, on Aug 16th, 1994 at 9:00 A.m... . .
2. If Defendant, ANTHONY J. NOVACK fails to appear and fully respond to the questions set forth in the examination, at the time and place set forth herein, he will be held in contempt of court. Upon the filing of a certificate of non-appearance by the Plaintiff, a bench warrant shall be issued for his arrest and he shall serve 179 days in the Collier County Jail.
We first address an issue which is dispositive even though the parties failed to raise it in this appeal. The trial court likely intended the order to be a civil contempt order because the court entered it in response to a litigant's motion for contempt and the order's purpose was to coerce compliance with a prior order of the court. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla. 1985); Contella v. Contella, 557 So.2d 880, 882-83 (Fla. 5th DCA 1990) (Cowart, J., concurring). The contempt order provided for issuance of a bench warrant without further hearing if Novak failed to appear for a deposition. That provision makes the order fatally flawed. "A trial court may not enter a contempt order that provides for the automatic issuance of a committal order in the event of future noncompliance without requiring an additional hearing on the contemnor's failure to comply and ability to comply." Koeppel v. Holyszko, 643 So.2d 72, 74 (Fla. 2d DCA 1994). The automatic issuance of a committal order in the event of future noncompliance without requiring an additional hearing violates due process and is improper. Cokonougher v. Cokonougher, 543 So.2d 460 (Fla. 2d DCA 1989).
An additional flaw with the order is that it failed to contain a purge provision once Novak is incarcerated. A civil contempt order must include a purge provision which allows the contemnor to end his or her incarceration by complying with the court's order. Wallens v. Buchanan, 168 So.2d 687 (Fla. 3d DCA 1964). The order under review provided that Novak would be incarcerated for a definite term (179 days) if he failed to appear at a scheduled deposition. Because the order did not allow Novak to purge himself from the contempt after he is incarcerated and it failed to contain the finding that Novak had the present ability to comply with the court's order, Novak does not possess a "key to his cell," and the incarceration must be considered a criminal punishment which the court imposed without due process. See Bowen, 471 So.2d at 1277. This constitutes fundamental error which appears on the face of the order. See Damkohler v. Damkohler, 336 So.2d 1243 (Fla. 4th DCA 1976). We, therefore, are compelled to reverse the order.
Because this case must be reversed, we will discuss Novak's right to invoke the Fifth Amendment during his examination in proceedings supplementary. A person may invoke the Fifth Amendment when sitting for a deposition in aid of execution if he has reasonable grounds to believe that his answers would provide "a link in the chain of evidence needed to prove a crime against him." Rainerman v. Eagle Nat'l Bank, 541 So.2d 740, 741 (Fla. 3d DCA 1989). Section 56.29(8), Florida Statutes (1991) purports to grant immunity to persons examined in proceedings supplementary. Section 56.29(8) provides:
A party or a witness examined under these provisions is not excused from answering a *1141 question on the ground that his answer will tend to show him guilty of the commission of a fraud, or prove that he has been a party or privy to, or knowing of a conveyance, assignment, transfer, or other disposition of property for any purpose, or that he or another person claims to have title as against the defendant or to hold property derived from or through the defendant, or to be discharged from the payment of a debt which was due to the defendant or to a person in his behalf. An answer cannot be used as evidence against the person so answering in any criminal proceeding.
§ 56.29(8), Fla. Stat. (1991). The court in Compton v. Societe Eurosuisse, S.A., 494 F. Supp. 836, 841 (S.D.Fla. 1980) held that this statute grants only use immunity and not derivative use immunity; therefore, a judgment debtor cannot be compelled to answer questions which may incriminate him in possible criminal proceedings. We adopt the Compton holding and conclude that the statute's limited grant of immunity cannot overcome a judgment debtor's Fifth Amendment rights. Thus, the trial court erred in ordering Novak to respond fully to all questions because this would restrict Novak from asserting his Fifth Amendment rights.
The court on remand should order Novak to appear for a deposition. At the deposition Snieda's counsel should ask all questions covering the matters which Snieda desires to inquire of Novak. Novak must assert his Fifth Amendment right to each particular question, and Snieda must certify the questions to the court. The court then should hold a hearing. If the self-incriminating nature of the question is not apparent, then Novak must show the court the danger of incrimination that could result from the answer. See Eisenstein v. Citizens & Southern Nat'l Bank, 561 So.2d 1203 (Fla. 4th DCA 1990). The trial court must determine if there is a realistic possibility that Novak's answers will be used against him either at trial in a criminal prosecution or to assist in the development of other incriminatory evidence that can be used in a criminal prosecution. See Meek v. Dean Witter Reynolds, Inc., 458 So.2d 412 (Fla. 4th DCA 1984). The trial court then must rule on each individual question to which Novak invoked the Fifth Amendment and order which questions Novak must answer and which questions, if any, are protected by the Fifth Amendment.
Reversed and remanded.
BLUE and FULMER, JJ., concur.
NOTES
[1] The order being appealed incorrectly spells the defendant's name Novack.
[2] Novak thwarted the taking of his deposition at various times by asserting his right to counsel, objecting to appearing in Collier County, and invoking his Fifth Amendment right against self-incrimination.