LAWSON, J.
The State of Florida seeks certiorari review of a circuit court decision rendered in its appellate capacity. The circuit decision affirmed a county court order suppressing post-Miranda[1] statements made by respondent Christian Hunter Cino, (“Cino”), and dismissing an information charging Cino with driving under the influence, (“DUI”), causing damage or injury.[2] We find that the circuit court’s decision departed from the essential requirements of the law in two respects, and grant the writ.
On December 1, 2002, Sergeant Phillip Buster of the Casselberry Police Department responded to the site of a reported traffic accident. During his traffic investigation, Sergeant Buster learned from both Cino and the driver of the other involved vehicle that Cino had been driving one of the two wrecked vehicles. He also observed that Cino had the “strong ... odor of alcohol impurities' upon his breath,” and “very slurred speech.”
Sergeant Buster reported his observations to Officer Scott Munn, who then initiated a DUI investigation. Before eliciting any statements from Cino, Officer Munn informed Cino that the traffic investigation was concluded; that he was now beginning *167 a criminal DUI investigation; and, that he would need to first review Cino’s rights with him. Officer Munn proceeded to read Cino his Miranda rights. Afterwards, Cino elected to waive those rights and answer Officer Munn’s questions. During the interview, Cino admitted to driving the vehicle, and admitted that he had just left a bar at which he had consumed four or five beers.
Cino moved to suppress these post-Miranda statements on the legal theory that the accident report privilege set forth in section 316.066(4), Florida Statutes (2002), prohibited Sergeant Buster from legally sharing any information derived during his traffic investigation with Officer Munn. The trial court accepted this argument, ruling: “I’m going to suppress everything, observations, statements, confessions, anything that was derived — everything that flowed from ... Sergeant Buster, in effect, illegally telling Officer Munn everything he knew as a result of his accident investigation.” The county judge then dismissed the information.
On appeal, the circuit court upheld the trial judge’s ruling, holding inter alia, that section 316.066(4) barred the State (including any investigating officer) from relying upon Sergeant Buster’s observation that Cino exhibited slurred speech and smelled of alcohol, or upon the other driver’s statements to Sergeant Buster placing Cino behind the wheel of a vehicle.
Contrary to the circuit court’s decision, section 316.066(4) only prohibits the State from using as evidence at trial either the crash report or statements made to law enforcement during a traffic investigation by persons involved in the crash. The statute in no way prohibits the State from using Sergeant Buster’s observations of Cino’s physical appearance, general demeanor, slurred speech or breath scent. Furthermore, even though Cino was required by law to cooperate in the traffic investigation, the State’s use of Sergeant Buster’s observations regarding Ciiio’s physical traits or demeanor did not violate Cino’s privilege against self-incrimination.[3] See Pennsylvania v. Muniz, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990). As explained in Muniz, the privilege against self-incrimination only protects an accused from “being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature.” Id. at 588, 110 S.Ct. 2638 (quoting Schmerber v. California, 384 U.S. 757, 761, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966)). In Muniz, the Court held that the “physical inability to articulate words in a clear manner,” or “slurred speech,” is not itself testimonial in nature. Id. at 590-591, 110 S.Ct. 2638. Therefore, an observation of a defendant’s speech patterns does not implicate the defendant’s Fifth Amendment privilege, nor does an observation as to any other physical trait of the accident scene or person. Id.
The second mistake of law made by the circuit court was in holding that section 316.066(4) barred the State from using statements made to law enforcement during the traffic investigation by persons other than Cino in its prosecution of Cino. In 1991, the Legislature added the following language to section 316.066(4): “However, subject to the applicable rules of evidence, a law enforcement officer at a criminal trial may testify as to any statement made to the officer by the person involved in the crash if that person’s privilege against self-incrimination is not violated.” Chapter 91-255, § 14, Laws of Florida. This addition to the statute effectively nullified prior cases interpreting an older *168 version of the statute which allowed anyone to object to the state’s attempt to use at trial any person’s statements to an officer investigating a traffic accident. Under the newer version of the statute, a law enforcement officer is not barred by section 316.066(4) from testifying at a criminal trial regarding statements made to him during his traffic investigation by anyone other than the defendant on trial (because doing so would in no way violate the non-defendant declarant’s privilege against self-incrimination).[4]
The State also argues that the circuit court erred in holding that section 316.066(4) bars the State from using Cino’s compelled statements against him during its investigation, or at any pre-trial proceeding. This point merits additional discussion. The State is correct that the statute only expressly bars the State from using Cino’s compelled statements “at trial.” However, the Constitution prohibits the State from making any use of Cino’s compelled statements against him, either directly or derivatively. See Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The purpose of the section 316.066(4) accident report privilege is to ensure that the state does not violate an individual’s constitutional privilege against self-incrimination when he or she is compelled to truthfully report to law enforcement the facts surrounding an automobile accident. See Brackin v. Boles, 452 So.2d 540, 544 (Fla.1984). Consequently, our Supreme Court has held that the statute “clothe[s] with statutory immunity only such statements and communications as the driver, owner, or occupant of a vehicle is compelled to make in order to comply with his or her statutory duty under section 316.066(1) and (2).” Id. Similarly, we believe it is obvious that the protection provided by section 316.006(4) must be read as co-extensive with the constitutional privilege against self-incrimination. In other words, when the driver, owner or occupant of a vehicle is compelled to make statements in order to comply with his or her statutory duty, the immunity provided by section 316.006(4) is equivalent to that required by the Fifth Amendment. See Tyne v. Time Warner Entm’t Co., 901 So.2d 802, 810 (Fla.2005) (noting that courts have “an obligation to give a statute a constitutional construction where such a construction is possible”). For this reason, we believe that the accident report privilege must be read as having barred law enforcement from making any use of statements compelled from Ciño, as part of its accident investigation, that would violate Cino’s privilege against self-incrimination. Therefore, we agree with the circuit court that Officer Munn could not have legally relied upon Cino’s compelled statements to Sergeant Buster as part of his probable cause determination.[5] In this case, however, there was ample evidence that Sergeant Buster gleaned from his accident investigation that Officer Munn could rely upon without violating Cino’s privilege against self-incrimination. The observation of Cino’s physical appearance *169 alone would have justified detaining Cino for a DUI investigation.[6]
In summary, we conclude that the circuit court departed from the essential requirements of the law by reading the accident report privilege significantly more broadly than permitted by the express language. of the statute or by clear legal precedent interpreting the statute. For this reason, we grant the writ of certiorari and quash the circuit court’s decision.
WRIT GRANTED; DECISION QUASHED.
GRIFFIN and PALMER, JJ„ concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. §§ 316.193(1), 316.193(3)(a)(b)(c)l, Fla. Stat. (2002).

. U.S. Const., Amend. 5.

. Of course, there may still be other evidentia-ry or constitutional bars to this type of testimony. See, e.g., Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

. We recognize that in State v. Johnson, 695 So.2d 771, 774 (Fla. 5th DCA), rev. denied, 705 So.2d 9 (Fla.1997), a panel of this court ''questioned] whether the accident privilege or immunity for statements applies to probable cause hearings as opposed to criminal trials, since it appears to be limited solely to trials by the statute’s express language.” We have now addressed the issue, and find that the privilege does extend to probable cause hearings and other phases of prosecution.

. Cino was also injured in the accident. It was apparent to Sergeant Buster, therefore, that Cino had been an occupant in one of the wrecked vehicles. The fact that Cino was in one of the vehicles, coupled with obvious signs of his intoxication, would have given law enforcement reasonable suspicion to investigate further in order to determine whether Cino had been driving under the influence.