CANADY, Judge.
In this appeal, Joseph DeLeo appeals the trial court’s nonfinal order compelling DeLeo to answer questions in aid of execution of a judgment obtained by Wachovia Bank, N.A.[1] Based on the Fifth Amendment privilege against self-inerimi-nation DeLeo argued that he should not be compelled to answer the questions at issue. Because we conclude the trial court abused its discretion by failing to rule on each individual question for which DeLeo asserted the Fifth Amendment privilege, we reverse and remand.
I. Background
After Wachovia obtained its judgment against DeLeo, it conducted a deposition in *628 aid of execution of judgment. During the deposition, DeLeo invoked the Fifth Amendment in declining to respond to 178 questions. Wachovia then moved to compel DeLeo to respond. After a hearing before a magistrate on the motion to compel, the magistrate ordered DeLeo to submit an affidavit setting forth a “reasonable basis to demonstrate the danger of incrimination that would result from his answers to the questions.”
DeLeo submitted his affidavit for in camera review, and thereafter the magistrate issued a recommended order determining that (1) certain objected-to questions had already been answered, (2) DeLeo should be compelled to answer certain questions, and (3) on the basis of a Fifth Amendment privilege, DeLeo should not be compelled to answer certain other questions. Wachovia then filed exceptions to the recommended order, arguing that the Fifth Amendment should not bar any of the questions posed.
The trial court conducted a hearing for which there is no transcript available. However, the parties entered into a stipulated statement of proceedings which states that although the court heard argument from counsel' and considered the pleadings, it “did not examine the questions to which objections were posed in the Defendant’s ... deposition, weighing Defendant’s invocation of his Fifth Amendment privilege against certain questions.”
Ultimately, the trial court entered its nonfinal order granting Wachovia’s exceptions and directing DeLeo to answer all questions posed. The trial court attempted to fashion a form of protection for DeLeo’s Fifth Amendment privilege by ordering that the answers “shall be solely used in aid of execution by [Wachovia] and not released to any other party.” The order also contained the statement that: “The court acknowledges Defendant’s objections to this Order and recognizes Defendant’s answers will be made under compulsion.” It is from this order that DeLeo appeals.
II. Analysis
DeLeo argues that although the magistrate complied with her duty to review each question individually to determine whether the Fifth Amendment privilege applied, the trial court granted Wachovia’s exceptions to the recommended order without conducting such an individualized analysis. We agree that the trial court was required to analyze each question to which DeLeo objected to determine if the Fifth Amendment privilege applied. Based on the record before us, we conclude that the trial court failed to do so.
DeLeo was entitled to invoke the Fifth Amendment privilege if he had “reasonable grounds to believe that his answers would provide ‘a link in the chain of evidence needed to prove a crime against him.’” Novak v. Snieda, 659 So.2d 1138, 1140 (Fla. 2d DCA 1995) (quoting Rainerman v. Eagle Nat’l Bank, 541 So.2d 740, 741 (Fla. 3d DCA 1989)). Because Wacho-via sought to compel DeLeo to answer the questions to which he posed an objection, it was necessary to conduct a hearing. See id. at 1141. At such a hearing, “[i]f the self-incriminating nature of the question is not apparent, then [the person asserting the privilege] must show the court the danger of incrimination that could result from the answer.” Id.
To sustain the privilege, it need only be evident from the implications of the questions, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. *629 The trial judge in appraising the claim must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence. The privilege must be sustained if it is not perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] cannot possibly have such tendency to incriminate.
Raass v. Borgia, 644 So.2d 121, 122 (Fla. 2d DCA 1994) (emphasis removed) (internal quotation marks omitted).. “The trial court then must rule on each individual question to which [the person] invoked the Fifth Amendment and order which questions [the person] must answer and which questions, if any, are protected by the Fifth Amendment.” Novak, 659 So.2d at 1141 (emphasis added).
The case law is predicated on the understanding that a litigant’s Fifth Amendment rights cannot be adequately protected by the simple expedient of an order — like the order at issue here — barring disclosure of the answers to questions with respect to which the Fifth Amendment has been invoked.
A protective order in a civil case ... allows the response, or at least information derived from the response, to spill out at trial, appeal, or some other hearing, where it could be discovered and later used by prosecutors. No protective order could provide the absolute protection [required by the Fifth Amendment, see Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972),] against direct or indirect use by prosecutors. The court can hardly hold all proceedings ... in secret ... and prevent all participants from supplying information to the government.
Robert Heidt, The Conjurer’s Circle — The Fifth Amendment Privilege in Civil Cases, 91 Yale L.J. 1062, 1095 (1982). Accordingly, “it is clear that the fifth amendment’s proscription of forced self-incrimination cannot be circumvented by the issuance of a ... protective order.” Andover Data Servs. v. Statistical Tabulating Corp., 876 F.2d 1080, 1083 (2d Cir.1989); see also Pillsburg Co. v. Conboy, 459 U.S. 248, 263-64, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983) (holding “that a deponent’s civil deposition testimony ... without duly authorized assurance of immunity at the time ... may not be compelled over a valid assertion of his Fifth Amendment privilege”) (footnote omitted).
Here, the first fact-finder — the magistrate — complied with the requirements set forth in Novak and Raass by (1) conducting a hearing on Wachovia’s motion to compel, (2) requiring DeLeo to provide an affidavit setting forth his reasons for asserting the Fifth Amendment privilege, (3) determining whether there was a possibility that DeLeo’s answers could be used as a “link in the chain of evidence” against him, and (4) ruling on each individual question with respect to which DeLeo had invoked the Fifth Amendment.
The trial court, on the other hand, failed to review each question on an individual basis to determine whether the Fifth Amendment privilege was properly applied by the magistrate. The failure to do so not only violated the requirements set forth in Novak and Raass but also constituted a breach of the trial court’s duty to review the entire record since Wachovia filed exceptions to the magistrate’s report. See Brill v. Brill, 905 So.2d 948, 955 (Fla. 4th DCA 2005); Anderson v. Anderson, 736 So.2d 49, 50-51 (Fla. 5th DCA 1999) (both holding that when a party files exceptions to a master’s report, the trial court is obligated to review the entire record to ascertain whether findings are supported by competent, substantial evidence *630 and whether the master properly applied the law to the facts).
Wachovia argues that the declaration in the stipulated statement of proceedings that the trial court “did not examine the questions to which objections were posed ... weighing Defendant’s invocation of his Fifth Amendment privilege against certain questions” means only that the trial court did not review the questions at the hearing and does not mean that the trial court did not review the questions at some other time. The stipulated statement contains no such limitation, and there is nothing in the context that provides any support for Wachovia’s interpretation. We also reject Wachovia’s contention that the statement that the trial court considered the pleadings establishes that the trial court complied with its duty to review the entire record.
III. Conclusion
In granting Wachovia’s exceptions, the trial court failed to review the entire record — i.e., it failed to review each individual question to determine whether the Fifth Amendment privilege was properly applied by the magistrate — and thereby abused its discretion. Accordingly, we reverse and remand for proceedings in conformance with this opinion.
Reversed and Remanded.
CASANUEVA, J., and RONDOLINO, ANTHONY, Associate Judge, Concur.

. This court has jurisdiction to hear this appeal because the order on review is a nonfinal discovery order entered after final order which does not suspend rendition of a trial court order. See Fla. R.App. P. 9.130(a)(4); HCA Health Servs. of Fla., Inc. v. Hillman, 870 So.2d 104, 106 n. 1 (Fla. 2d DCA 2003); Largo Hosp. Owners, Ltd. v. Gorman, 408 So.2d 597, 598 (Fla. 2d DCA 1981). But see Forman v. Great Am. Resorts of Fla., 929 So.2d 1089, 1090 (Fla.4th DCA 2006) (holding that postjudgment discovery order was not appealable under rule 9.130(a)(4) because the proceeding in aid of collection would culminate in an order either granting or denying relief requested by judgment creditor and appellant would then have the right to appeal that final order).