REVISED OPINION

PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Traffic Court.[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.
We issue this revised opinion to address the enactment of new legislation that affects our analysis of the proposed amendments to rule 6.600(c). We also address the inadvertent omission from our opinion of the words “by jury,” which was brought to our attention in a motion for clarification filed by attorney Steven D. Rubin.
BACKGROUND
The Traffic Court Rules Committee (Committee) has filed its regular-cycle report of proposed amendments to the Florida Rules of Traffic Court. The Committee proposes amending rules 6.340 (Affidavit of Defense or Admission and Waiver of Appearance); 6.600(b) (Appearance After Notice Sent); and 6.600(c) (Reinstatement of License). The Board of Governors of The Florida Bar unanimously approved the proposed amendments.
Consistent with rule 2.140(b)(2), the Committee published the proposed amendments for comment. No comments were received. After submission to the Court, we republished the proposed amendments for comment. At that time, the Court received comments from the Traffic Court Rules Committee of the Conference of County Court Judges of Florida, the County Judges and Traffic Hearing Officers of the Seventeenth Judicial Circuit, and attorney Steven D. Rubin. Each commenter opposed the proposed amendment to rule 6.340, which informs a party of his or her right against self-incrimination. The Committee filed a response. We held oral argument on the Committee’s proposals, at which time Judge Robert W. Lee appeared on behalf of the Broward County Judges and Traffic Hearing Officers and the Conference of County Court Judges to provide background • and helpful insight on the Committee’s proposals.
Having considered the Committee’s report, the comments, and the Committee’s *1268 response, and having heard oral argument, we adopt the amendments to rule 6.600(b) as proposed by the Committee. However, we decline to adopt the proposed amendments to rule 6.600(c). As to rule 6.340(d), we decline to adopt the proposed amendment because that rule relates to a substantive issue regarding the applicability of the privilege against self-incrimination in traffic court proceedings. However, as more fully explained below, we refer this matter to the Conference of County Court Judges in conjunction with the Traffic Court Rules Committee to consider whether this issue could best be addressed through a model colloquy incorporated into our rules.
PROPOSED AMENDMENTS TO RULES 6.600(b) and (c)
The amendments to rule 6.600(b) clarify the process by which a defendant may request and obtain a hearing on a traffic citation after notice of the defendant’s failure to comply with the citation has been sent to the Department of Highway Safety and Motor Vehicles (DHSMV), but has not been acted upon by DHSMV. The amendments require a clerk, before DHSMV has acted on a notice of the defendant’s noncompliance with a citation, to set a case for hearing upon the request of a defendant.
We decline to adopt the amendments proposed by the Committee to rule 6.600(c). The Committee proposed amending rule 6.600(c) to provide that a defendant, whose driver license has been suspended for failing to comply with a citation, may request and obtain a hearing within six months after the commission of an offense. Under the proposed amendment, a clerk is required to set a defendant’s case for hearing upon a defendant’s request within the six-month period.
After the Court considered and rejected the proposed amendments to rule 6.600(c), we became aware of the enactment of new legislation amending section 318.15, Florida Statutes (2012). See ch.2012-181, § 17 at 18, Laws of Fla. The new legislation mirrors several of the Committee’s proposed amendments to rule 6.600(c). In particular, the new legislation adds an additional paragraph to section 318.15 that addresses when a defendant, whose driver license has been suspended, may request and obtain a hearing. See ch.2012-181, § 17 at 18, Laws of Fla.
The Committee has advised the Court that, in light of the new legislation, there is no longer a need to amend rule 6.600(c). No party has raised a question as to whether the new legislation is procedural in nature. See art. V, § 2(a), Fla. Const. Further, no party requests that we amend rule 6.600(c) to conform to the new legislation. Therefore, we simply decline to adopt the proposed amendments to rule 6.600(c) without elaboration.
PROPOSED AMENDMENT TO RULE 6.340(d)
The majority of the comments in opposition focused on the proposed amendment to rule 6.340. For the reasons explained, we decline to adopt the proposed amendment to rule 6.340.
The Committee proposes amending rule 6.340, titled “Affidavit of Defense or Admission and Waiver of Appearance,” by inserting a new subdivision (d) and re-lettering the subsequent subdivisions accordingly. Proposed new subdivision (d) informs a party filing an affidavit of defense or an admission with a court that he or she cannot be compelled to give testimony against himself or herself. It specifically provides: “Testimony of Accused. No accused person shall be compelled to give testimony against himself or herself.”
The Committee indicates that the proposed amendment ensures that a pro se defendant filing an affidavit or admission *1269 clearly understands his or her rights under the Fifth Amendment and article I, section 9, of the Florida Constitution. The com-menters take the position that because civil traffic hearings are not criminal proceedings, the privilege against self-incrimination is not applicable.
Through the enactment of chapter 318 of the Florida Statutes, the Legislature decriminalized specific traffic offenses and provided for a system of civil penalties for traffic infractions. See § 318.12, Fla. Stat. (2012). Traffic offenses that fall within the scope of chapter 318 are deemed noncriminal violations and cannot be punished by incarceration. § 318.13(3), Fla. Stat. (2012). A defendant charged with an infraction under chapter 318 does not have a right to court appointed counsel or to a trial by jury. Id. The Court has previously recognized that proceedings conducted pursuant to chapter 318 are “civil actions at law.” Netbleton v. Doughtie, 373 So.2d 667, 668 (Fla.1979).
The constitutional privilege against self-incrimination — found in both the Fifth Amendment to the United States Constitution and article I, section 9, of the Florida Constitution — protects an accused from being compelled to testify against himself or herself in a criminal proceeding or to otherwise provide the State with testimonial evidence. State v. Cino, 931 So.2d 164, 167 (Fla. 5th DCA 2006) (citing Pennsylvania v. Muniz, 496 U.S. 582, 588, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990)). Since the enactment of chapter 318, no legislative act or appellate decision has expressly extended the privilege against self-incrimination to every defendant in a traffic infraction case.
While no reported appellate case has discussed the applicability of the privilege against self-incrimination to traffic infraction hearings under chapter 318, there may be valid concerns regarding a defendant who testifies at such a hearing without a lawyer and whose testimony may be used in a subsequent criminal proceeding. The privilege against self-incrimination “not only protects the individual against being involuntarily called as a witness against himself [or herself] in a criminal prosecution but also privileges him [or her] not to answer questions put to him [or her] in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him [or her] in future criminal proceedings.” Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). Therefore, like a witness who must respond to questioning during a deposition taken in the pursuit of discovery in a civil case, see Taubert v. State, Office of Att’y Gen., 79 So.3d 77, 80-81 (Fla. 1st DCA 2011), a defendant who appears at a traffic infraction hearing may provide statements or be asked to answer questions that may provide “a link in the chain of evidence necessary for a criminal conviction.” Id. at 80 (quoting Belniak v. McWilliams, 44 So.3d 1282, 1284 (Fla. 2d DCA 2010)); see also Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). In such cases, a defendant’s constitutional right against self-incrimination may be implicated. See Tau-bert, 79 So.3d at 80 (defendant may assert the privilege against self-incrimination during discovery in a civil proceeding when the defendant has reasonable grounds to believe that his or her answers will incriminate him or her in a criminal case (citing Belniak, 44 So.3d at 1284; Novak v. Snieda, 659 So.2d 1138, 1140 (Fla. 2d DCA 1995))); Boyle v. Buck, 858 So.2d 391, 392 (Fla. 4th DCA 2003) (“One aspect of the privilege against self-incrimination is a witness’s right in a civil proceeding to refuse to respond to a question on the grounds that his [or her] answer may tend to incriminate him [or her].”). However, the mere fact that a defendant’s right against *1270 self-incrimination has been implicated does not necessarily guarantee him or her the protections of the constitutional privilege. See Taubert, 79 So.3d at 81 (after a defendant asserts the privilege, a trial court must determine whether, under the circumstances, a “substantial and real” threat of incrimination exists (quoting Marchetti v. United States, 890 U.S. 39, 53, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968))).
Additionally, we also question why the Committee chose to add proposed new subdivision (d) to rule 6.340. No part of rule 6.340 mandates that a defendant file an admission or affidavit of defense, nor does any part of the rule suggest that a defendant may be compelled to file such items. Thus, there is no indication that the constitutional privilege is even implicated by the rule. See U.S. Const, amend. V (stating that no person “shall be compelled in any criminal ease to be a witness against himself’ (emphasis added)); art. I, § 9, Fla. Const. (“No person shall be ... compelled in any criminal matter to be a witness against oneself.” (emphasis added)).
Given all of these issues, and the lack of clear guidance in the substantive law in particular, we do not believe the rule amendment process is the appropriate forum to address the concerns expressed by the Committee regarding the applicability of the privilege to all defendants in traffic infraction cases. See art. V, § 2(a), Fla. Const. Accordingly, we decline to adopt the proposed amendment. See In re Amendments to the Fla. Evidence Code, 782 So.2d 339, 341 (Fla.2000) (declining to address substantive/procedural issue in rule amendment case until the issue came before the Court in a true case or controversy).
The fact that we reject the rule as proposed does not mean that the Court is not cognizant of the valid concerns expressed, especially during oral argument. Presently, no rule or uniform practice exists requiring that a defendant in a traffic infraction case be informed of his or her right not to divulge information that may incriminate him or her in an existing or potential criminal case. During oral argument, the Committee indicated that the lack of uniformity on this issue has resulted in defendants, particularly pro se defendants, frequently receiving inconsistent treatment in courts across the state. Specifically, the Committee indicated that substantial variations exist in the practices of hearing officials on whether a defendant is required to answer questions posed to him or her during a traffic infraction hearing.[2]
On the other hand, Judge Lee, who appeared at oral argument and oversees the Civil Division of County Court in Broward County, provided helpful insight on training offered to traffic hearing officers and the practices in Broward County. Judge Lee explained that in Broward County, a hearing is not conducted on a traffic infraction until a decision has been made on whether to prosecute the defendant criminally. Apparently, this county-specific procedure obviates the main concerns raised by the Committee — at least in Bro-ward County.
While the representations made by the Committee and Judge Lee during oral argument are helpful, millions of traffic infraction cases are heard annually in the courts of this state and a blind eye cannot be turned to the potential disparate treatment of defendants in those cases. Therefore, we have requested that the Confer *1271 ence of County Court Judges of Florida work with the Traffic Court Rules Committee to address whether a model colloquy should be adopted by a rule amendment that informs a defendant of his or her right not to provide testimony that may incriminate him or her in a pending or potential criminal case.
CONCLUSION
Accordingly, the Florida Rules of Traffic Court are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. The amendments shall become effective January 1, 2013, at 12:01 a.m.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
Rule 6.600. Failure to Appear or Pay Civil Penalty; Reinstatement of Driver License
(a) Notice of Failure to Comply. [NO CHANGE]
(b) Appearance After Notice Sent. If the defendant appears after the notice has been sent but before the department has suspended the driver license, the civil penalty may be paid without a hearing or the defendant may agree to attendrequest a hearing. If the defendant requests a hearing, the clerk must set the case for hearing
upon payment of the costs specified in section 318.18(8)(a), Florida Statutes. The department shallmust be notified immediately on a form to be supplied by the department.
(c)Reinstatement of License. [NO CHANGE]
Committee Notes
[NO CHANGE]

. Fla. R. Jud. Admin. 2.140(b).

. The Committee also represented that there have been circumstances in which a defendant has been subpoenaed to testify by the State and attorneys have been threatened with contempt for advising a client not to testify.