PER CURIAM.
The Traffic Court Rules Committee (Committee) and the Traffic Court Rules Committee of the Conference of County Court Judges (Conference) have filed a joint out-of-cycle report, which includes a minority report, proposing amendments to the Florida Rules of Traffic Court. See Fla. R. Jud. Admin. 2.140(f). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The joint report filed in this matter is in response to our request for the Conference to work with the Committee to address whether we should adopt, by rule amendment, a model colloquy informing a defendant in a traffic infraction hearing of the right against self-incrimination. See In re Amends. to the Fla. Rules of Traffic Court, 105 So.3d 1267, 1270-71 (Fla.2012). In In re Amendments to the Florida Rules of Traffic Court, we declined to amend rule 6.340 (Affidavit of Defense or Admission and Waiver of Appearance), to include a new subdivision that would have informed a party filing an affidavit of defense or an admission in a traffic infraction case that he or she could not be compelled to give testimony against himself or herself. Id. at 1268-70. We declined to adopt this amendment, in large part, because of the lack of clear guidance in the substantive law regarding the applicability of the right against self-incrimination to civil traffic infraction hearings. Id. However, at that time, we explained as follows:
The fact that we reject the rule as proposed does not mean that the Court is not cognizant of the valid concerns expressed, especially during oral argument. Presently, no rule or uniform practice exists requiring that a defendant in a traffic infraction case be informed of his or her right not to divulge information that may incriminate him or her in an existing or potential criminal case. During oral argument, the Committee indicated that the lack of uniformity on this issue has resulted in defendants, particularly pro se defendants, frequently receiving inconsistent treatment in courts across the state. Specifically, the Committee indicated that substantial variations exist in the practices of hearing officials on whether a defendant is required to answer questions posed to him or her during a traffic infraction hearing.
On the other hand, Judge Lee, who appeared at oral argument and oversees the Civil Division of County Court in Broward County, provided helpful insight on training offered to traffic hearing officers and the practices in Broward *715 County. Judge Lee explained that in Broward County, a hearing is not conducted on a traffic infraction until a decision has been made on whether to prosecute the defendant criminally. Apparently, this county-specific procedure obviates the main concerns raised by the Committee — at least in Broward County-
While the representations made by the Committee and Judge Lee during oral argument are helpful, millions of traffic infraction cases are heard annually in the courts of this state and a blind eye cannot be turned to the potential disparate treatment of defendants in those cases. Therefore, we have requested that the Conference of County Court Judges of Florida work with the Traffic Court Rules Committee to address whether a model colloquy should be adopted by a rule amendment that informs a defendant of his or her right not to provide testimony that may incriminate him or her in a pending or potential criminal case.
Id. at 1270-71.
Although the Committee and the Conference have filed a joint report as requested, the two bodies have not joined in a recommendation. The Committee has submitted a proposed model colloquy in the form of an amendment to rule 6.450 (Order of Hearing). A minority of the Committee has stated that it believes that a model colloquy is unnecessary. The Conference agrees with the minority that a colloquy is unnecessary, but has proposed its own model colloquy in the form of an amendment to rule 6.450. The Conference also proposes amending rule 6.630 (Civil Traffic Infraction Hearing Officer Program; Traffic Hearing Officers) to require hearing officers to undergo training with regard to the right against self-incrimination.
After the Committee and the Conference filed the joint report with the Court, the proposals were published for comment. Two comments were received, both in opposition to the proposed model colloquies. Separate responses to the comments were filed by the Committee and the Conference.
PROPOSED AMENDMENTS
As noted, the Committee and the Conference have each submitted a proposed model colloquy in the form of an amendment to rule 6.450 (Order of Hearing). The Committee’s proposal is as follows:
Any statement made during the course of these proceedings can and will be used against you should you be charged criminally as a result of the incident that gave rise to this citation. If you believe that your actions could give rise to criminal charges, you have the right to remain silent. If you choose to testify, you are giving up your right to remain silent and you must then also answer any questions related to your testimony.
The Conference’s proposal is as follows:
Today’s cases are civil cases, and not criminal cases. Generally, the court can require you to testify in a civil proceeding. However, there is an exception when you can establish that your answers in court could be used to support your conviction for a criminal offense. If you believe your testimony might be used against you in a criminal proceeding, you have the right to remain silent and not respond to any questions in this proceeding. Keep in mind that should you testify in this case, anything you say may be used against you not only in this ease, but in any criminal proceeding. Finally, if you nevertheless choose to testify, you must then also answer any questions related to your testimony.
*716 Unfortunately, we conclude that neither proposal accurately tracks the case law defining the parameters of the right against self-incrimination generally or correctly, and neither completely informs a defendant in a traffic infraction proceeding what right he or she possesses.[1] Moreover, while we appreciate the hard work by those involved in the further, study of this issue, we ultimately conclude that adopting any colloquy in the absence of clear-cut existing case law to definitively guide the substance of an appropriate colloquy in the specific type of proceedings at issue here would only increase litigation. Accordingly, after careful consideration of the joint report, the various proposals, and the comments filed, we decline to adopt either of the proposed model colloquies submitted by the Committee and the Conference.
As mentioned above, there may be effective ways to obviate concerns regarding the right against self-incrimination in traffic infraction proceedings through the use of procedures such as those in effect in certain counties, including Broward County, and we encourage the development and implementation of such problem-solving procedures. We also commend the practicality of the Conference’s proposal to amend rule 6.630 (Civil Traffic Infraction Hearing Officer Program; Traffic Hearing Officers) to include a requirement that traffic hearing officers receive training on situations in which a defendant’s constitutional right against self-incrimination may be implicated, and we adopt this proposed amendment.[2] The new provision does not require hearing officers to undergo any additional hours of training — the training *717 will be included in the currently mandated five hours of courtroom procedure and control training — and it will ensure that each hearing officer is familiar with the right against self-incrimination and how it operates in traffic infraction proceedings. It will also help to ensure that hearing officers respond to a defendant’s assertion of the right in an appropriate manner.
CONCLUSION
Accordingly, Florida Rule of Traffic Court 6.630 is hereby amended as set forth in the appendix to this opinion. New language is underscored. The amendment shall become effective at 12:01 a.m., January 1, 2014.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 6.630. CIVIL TRAFFIC INFRACTION HEARING OFFICER PROGRAM; TRAFFIC HEARING OFFICERS
Under the authority of sections 318.30-318.38, Florida Statutes, and article V, section 2, Florida Constitution, this court adopts the following rules and procedure for the Civil Traffic Infraction Hearing Officer Program:
(a)-(f) [No Change]
(g) Training. Traffic hearing officers must complete 40 hours of standardized training that has been approved by the supreme court. Instructors must be county court judges, hearing officers, and persons with expertise or knowledge with regard to specific traffic violations or traffic court. Curriculum and materials must be submitted to the Office of the State Courts Administrator. The standardized training must contain, at a minimum, all of the following:
(1) 28 hours of lecture sessions including 2.5 hours of ethics, 5 hours of courtroom procedure and control (which must include handling of situations in which a defendant’s constitutional right against self-incrimination may be implicated), 11 hours of basic traffic court law and evidence, 3 hours of clerk’s office/DMV training, 2 hours of participant perspective sessions/demonstrations, 3 hours of dispositions/penalties, and 1.5 hours of civil infractions/jurisdiction;
(2) — (5) [No Change]
(h)-(n) [No Change]
Committee Notes
[No Change]

. The right against self-incrimination — found in both the Fifth Amendment to the United States Constitution and article I, section 9, of the Florida Constitution — protects an individual from being compelled to testify against himself or herself in a criminal proceeding or to otherwise provide the State with testimonial or communicative evidence. State v. Cino, 931 So.2d 164, 167 (Fla. 5th DCA 2006) (citing Pennsylvania v. Muniz, 496 U.S. 582, 588, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990)). The protections guaranteed by this right are not limited to criminal proceedings, but apply to any type of proceeding in which an individual’s answers to questions may incriminate him or her in a pending or potential criminal case. See Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973) (the right “not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings”). No case or statute has expressly applied the right against self-incrimination to traffic infraction proceedings in Florida.
Nevertheless, like a witness responding to questions during a deposition in a civil case, see Belniak v. McWilliams, 44 So.3d 1282, 1284 (Fla. 2d DCA 2010), a defendant in a traffic infraction proceeding may ostensibly assert the privilege if he or she possesses reasonable grounds to believe that his or her answers to questions will provide "a link in the chain of evidence necessary for a criminal conviction.” Id. (citing Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)); Taubert v. State, Office of Att’y Gen., 79 So.3d 77, 80-81 (Fla. 1st DCA 2011). While the privilege may be asserted by a defendant, a determination of whether his or her answers are protected by the privilege is within the trial court’s discretion to decide based on the circumstances of the case. Belniak, 44 So.3d at 1284. For the privilege to apply, the threat of incrimination must be "substantial and real.” See Taubert, 79 So.3d at 81 (quoting Marchetti v. United States, 390 U.S. 39, 53, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968)). Blanket assertions of the privilege, or assertions based on threats that are "merely trifling or imaginary, ” are not sufficient to invoke its protections. Id.

. We adopt the amendment to rule 6.630(g)(1) as proposed by the Conference, except we substitute the phrase "right against self-incrimination” for the phrase "right to remain silent.”